AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ROY ROBERTO LENON TAYLOR and<br>HEYTON RAMIREZ MUNOZ<br><br>*Defendant(s)* | Case No.<br><br>8:22MJ1330SPF |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 22, 2022__ in the county of __Hillsborough__ in the __Middle__ District of __Tampa__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Carlos A. Irizarry, DEA Special Agent
*Printed name and title*

Sworn to before me ~~and signed in my presence.~~ by telephone.

Date: 4/6/2022

_____
*Judge's signature*

City and state: Tampa, FL

SEAN P. FLYNN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carlos A. Irizarry, being duly sworn, depose, and state:

### Introduction and Agent Background

1. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been employed by DEA since 2003. I am currently assigned to the DEA Tampa District Office. I have been a Federal Agent for approximately 23 years. I have conducted numerous criminal drug investigations of both domestic and international drug trafficking organizations involved in the manufacturing, distribution, and possession of controlled substances such as cocaine and marijuana.

2. Since July of 2014, I have been assigned as a DEA Special Agent to Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force (OCDETF) composed of the following agencies: the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), Immigration and Customs Enforcement, Homeland Security Investigations (HSI), Coast Guard Investigative Service (CGIS), the United States Coast Guard (USCG), and the United States Attorney's Office for the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Eastern Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

## Statutory Authority

3.  I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about March 22, 2022, while aboard a vessel subject to the jurisdiction of the United States, the defendants, ROY ROBERTO LENON TAYLOR, and HEYTON RAMIREZ MUNOZ, each of whom will be brought into the United States at a point in the Southern District of Florida, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute one thousand kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(G).

4.  The information contained in this Affidavit is based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

5.  The United States Coast Guard (USCG) has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and

2

arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6.     On March 22, 2022, while on routine patrol in the Eastern Pacific Ocean, a Maritime Patrol Aircraft (MPA) detected an unknown go-fast vessel (GFV), on international waters, approximately 91 nautical miles (NM) west of Isla de Malpelo, Colombia. The GFV had two people on board, was outfitted with two outboard engines, and was traveling at a high rate of speed in a known drug trafficking area with packages and fuel barrels on deck. The GFV was also suspected of being without nationality and was displaying no indicia of nationality. The United States Coast Guard Cutters (USCGC) LEGARE and SPENCER were diverted to investigate the GFV. The USCG launched a helicopter and a small boat with a boarding team to investigate. USCG District 11 Command granted a Statement of No Objection (SNO) to USCGC LEGARE for use of force up to and including warning shots and disabling fire, and a Right of Visit boarding (ROV) to stop a non-compliant vessel reasonably suspected of drug smuggling in international waters.

7.     The boarding team on the USCG small boat gained control of the GFV without incident after the helicopter fired warning shots and conducted the ROV boarding of the GFV. The boarding team identified the following crewmembers on board the GFV: ROY ROBERTO LENON TAYLOR and HEYTON RAMIREZ MUNOZ.

8. The master of the suspect GFV, ROY ROBERTO LENON TAYLOR, claimed Costa Rican nationality for the GFV. The USCG requested confirmation of nationality from the Costa Rica government, but the Costa Rica Government could neither confirm nor deny nationality of the GFV. Based on the lack of confirmation from Costa Rica, USCG District 11 issued a SNO to treat the vessel as one without nationality and therefore subject to the laws of the United States. The USCG boarding team conducted a full law enforcement boarding.

9. The boarding team discovered bales of suspected contraband on the deck of the GFV. The USCG boarding team opened a bale of suspected marijuana and conducted two tests of the green leafy substance utilizing narcotic identification test kits (NIK), which yielded positive results for marijuana. The USCG boarding team seized 60 bales of marijuana weighing approximately 1,636 kilograms (at-sea weight). The USCG boarding team seized the marijuana and detained the two crew members.

## Conclusion

10. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following two defendants named herein, ROY ROBERTO LENON TAYLOR and HEYTON RAMIREZ MUNOZ, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute one thousand kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I

controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(G).

_____
Carlos A. Irizarry
Special Agent, DEA

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this 6th day of April 2022.

_____
SEAN P. FLYNN
United States Magistrate Judge